HEIRS OF SANTOS COLLAZO, Appellants, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 824.    Argued November 17, 1930.—Decided November 28, 1930.

*C. Domínguez Rubio* for appellants.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In a deed of sale of real property executed on October 20, 1924, before notary Miguel Guzmán Texidor, there appeared Acisclo Collazo, as vendor, and Leonarda López, "on behalf of the Succession of Santos Collazo," without any recital or mention of the persons composing the said Succession of Santos Collazo.

Upon a certified copy of said deed being presented for record in the Registry of Property of Guayama, the registrar entered the following decision:

"The record of the present instrument is denied because of the failure to state therein the name of the purchasers, and a cautionary notice is entered for the period provided by law, at folio 82, volume

13 of Barranquitas, property No. 628, letter 'A'. The property is not burdened with any lien. This refusal was entered subject to the curable defects of a failure to state the civil status of the vendor, and of the fact of the sale not having been legally accepted.''

The present appeal has been taken from the above decision.

Subdivision 5 of section 9 of the Mortgage Law in force reads thus:

''5. The name and surname of the person, if it be a specific person, and otherwise the name of the corporate body or the collective name of the persons interested in whose favor the record is made.''

The ninth paragraph of section 63 of the Regulations for the execution of the Mortgage Law is as follows:

''Ninth. The names to be stated in the record shall be expressed as they appear in the instrument, and the registrar shall not be permitted, even with the consent of the parties, to add or omit any name. To the name shall be added the age, civil status, occupation and domicile. Associations or public establishments shall be designated by the name whereby they are known, the domicile thereof and of the person who applies for the record in their name being also stated, if the association be not one known solely by its style.''

In accordance with section 30 of the cited law, such records as fail to set forth the circumstances mentioned in subdivisions 1, 2, 4, 5, 6, and 8 of section 9 are void. The record resulting from the instrument involved herein would be a nullity, as the purchaser is designated in such a manner that it could not be determined from the registry who is the person acquiring rights, or assuming obligations, and entitled to convey the former or bound to perform the latter.

It is impossible to establish with mathematical precision the difference between curable and incurable defects. Our mortgage system confides to the sound discretion of registrars the passing upon the instruments, the determination of their validity, which is one of the pillars of that system. What at first view appears to be an incurable defect may, by reason of circumstances not disclosed at the moment to the registrar, turn out to be a curable vice or defect. The registrar is

bound to consider only what he has before him and, based on the law, to judge and determine whether or not a given defect is curable. If, as happens in the case at bar, the record of the instrument would be a nullity he can not and must not enter it, and the vice or defect rendering of necessity such record void, precludes all effort or intent to record, since the mere admission to record and the physical act of making an entry on one or more pages of a book in the registry does not create a *record* in the legal sense of the term. .

The decision appealed from must be affirmed.

Mr. Justice Hutchison dissented because in his opinion the defect noted is a curable defect.